[No. 43185.    En Banc.    January 23, 1975.]

CHARLES A. PAPPAS *et al, Petitioners*, v. E. A. HERSHBERGER *et al, Respondents.*

*Merrick, Hofstedt & Lindsey,* by *Gary R. Eliasen* and *Thomas V. Harris,* for petitioners.

*Webster, Kroum, Granberg, Bass & Mack,* by *Stephen A. Mack* and *Eric Lee Clauson,* for respondents.

PER CURIAM.—This case comes before us on a petition for review of an unpublished per curiam opinion of the Court of Appeals.

Originally we granted the petition for review based on appellants-petitioners' contention that the cause was controlled by *Foisy v. Wyman*, 83 Wn.2d 22, 515 P.2d 160 (1973). Petitioners conceded *Foisy* involved an implied warranty of habitability of an older house in a combined landlord-tenant, vendor-purchaser situation. It was urged, however, that even though the instant case involved an implied warranty of structural fitness in the sale of a new building by a vendor (who was not the builder) to the first purchaser, *Foisy* requires a holding that an implied warranty of structural fitness cannot be waived.

Our review of the record reveals that on appeal to the Court of Appeals only two assignments of error were made, neither of which raised the issue now urged by appellants-petitioners. One assignment of error was concerned with a finding of fact which appellants-petitioners failed to set forth as required by CAROA 43. The Court of Appeals properly refused to consider it. The second assignment of error pertained to a conclusion of law *unrelated* to the issue raised in the instant petition for review. Further, it was not argued in appellants-petitioners' brief and thus is deemed abandoned. *In re Kennedy*, 80 Wn.2d 222, 492 P.2d 1364 (1972); *Dickson v. United States Fidelity & Guar. Co.*, 77 Wn.2d 785, 466 P.2d 515 (1970); *Fosbre v. State*, 70 Wn.2d 578, 424 P.2d 901 (1967).

Neither of the matters assigned as error in the Court of Appeals is again raised in the petition for review. Thus, we shall not consider them here.

Turning to the instant petition for review, the issue raised therein was not presented to the trial court, *i.e.*, whether an implied warranty of structural fitness may be waived by the first purchaser of a new building from a vendor (who is not also the builder). The issue was raised for the first time upon appellants-petitioners' petition for rehearing in the Court of Appeals.

Having failed to properly raise or preserve the present issue in either the trial court or Court of Appeals, we will not consider it here for the first time on appeal. The petition for review was improvidently granted. We do not pass upon the applicability of *Foisy v. Wyman, supra.*

The Court of Appeals is affirmed.