[No. 6950–1–I.   Division One.   January 14, 1980.]

COFINCO OF SEATTLE, LTD., *Appellant,* v. FREDERICK
WEISS, *Respondent.*

*Donald J. Horowitz, Ted R. Willhite,* and *Levinson, Friedman, Vhugen, Duggan, Bland & Horowitz,* for appellant.

*Jackie L. Ashurst* and *Harris & Ashurst,* for respondent.

JAMES, A.C.J.—Plaintiff Cofinco of Seattle, Ltd., a Washington corporation with its principal place of business in Seattle, brought this in personam action against defendant Frederick Weiss, a New York resident. Cofinco, an importer of women's shoes, seeks the return of $9,000 allegedly advanced to Weiss under an employment agreement. Weiss' motion to dismiss for lack of personal jurisdiction was granted "without prejudice to the plaintiff commencing an action in another state."

This appeal presents only one issue: whether the Washington long-arm statute, RCW 4.28.185, gives Washington courts in personam jurisdiction over Weiss because he transacted business within the state. We hold that it does.

In summary, Weiss' affidavit in support of his motion to dismiss states that he has never been in the state of Washington, has never owned property situated in Washington and has never engaged in any activities, business or otherwise, in the state. He states that while he was working as a shoe salesman in New York, he was asked if he wished to sell shoes for Cofinco on the east coast and that he orally agreed to "go to work."

Cofinco's answering affidavit confirms that the employment contract was oral and "by phone at a time when [Weiss] was in New York and [Cofinco's president] was in Seattle." Cofinco's president states that pursuant to the employment contract, Weiss requested and received sample

goods, funds and advancements pursuant to both telephonic and written requests.

■ We hold that under the long–arm statute, Washington courts have the jurisdictional power to adjudicate this dispute. By entering into the employment contract, Weiss "purposefully [availed himself] of the privilege of conducting activities" within the state of Washington. *Hanson v. Denckla,* 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958); *Peter Pan Seafoods, Inc. v. Mogelberg Foods, Inc.,* 14 Wn. App. 527, 544 P.2d 30 (1975); *Lewis v. Curry College,* 89 Wn.2d 565, 573 P.2d 1312 (1978). His employment contract afforded him, at the very least, the protection of Washington's laws affecting employer–employee relationships and its laws governing Cofinco's right to conduct business as a corporate entity.

■ However, it may develop that the location and convenience of the parties and witnesses dictate that the doctrine ·of forum non conveniens should be applied and that this case should be dismissed in favor of litigation in New York. That determination is within the trial judge's discretion on remand. *Werner v. Werner,* 84 Wn.2d 360, 526 P.2d 370 (1974); *Peter Pan Seafoods, Inc. v. Mogelberg Foods, Inc., supra.*

The order of dismissal is reversed and the case is remanded for further proceedings consistent with this opinion.

ANDERSEN and DORE, JJ., concur.