[No. 9148–4–I. Division One. June 21, 1982.]

SORB OIL CORPORATION, *Appellant,* v. BATALLA CORPORATION, *Respondent.*

*Felix & Zimmar, Inc., P.S.,* and *Jennings P. Felix,* for appellant.

*Perkins, Coie, Stone, Olsen & Williams* and *Barry M. Kaplan,* for respondent.

JAMES, J.—Plaintiff Sorb Oil Corporation (Sorb) appeals a dismissal, for lack of personal jurisdiction, of its suit to recover the contract price of items delivered to Batalla Corporation (Batalla). We reverse.

Sorb is a Washington corporation. Sorb has been engaged

in the distribution of sorb oil products manufactured by Innova Corporation of Indiana under this name and two previous corporate names (Innova Corporation of Washington and American Enviro–Systems Corporation) since about September 1976.

Batalla is a Texas corporation, having its principal place of business in Houston. Batalla is a distributor of plastic and paper products sold principally in Texas and Louisiana. Batalla does not maintain an office or agent in Washington, does not send persons to Washington to conduct business, and has neither a telephone listing nor a post office box in Washington.

Prior to September 1976, Batalla purchased sorb oil products manufactured by Innova from a Wisconsin distributor (Ling Corporation). In September 1976, Sorb's sales agent contacted Batalla to advise that Sorb had replaced Ling Corporation as distributor of Innova's products and that henceforth, all orders should be directed to Sorb's predecessor (Innova Corporation of Washington).

Batalla subsequently telephoned orders for sorb oil products to Sorb. The orders were placed at irregular times and for varying quantities, although the record fails to state the exact number or dollar value of these orders. Batalla placed no orders after April 1978. The products were shipped to Batalla directly from Indiana.

Alleging nonpayment, Sorb filed suit for $4,476.50 against Batalla in King County Superior Court, contending that the action arose from Batalla's "transaction of . . . business" in Washington within the meaning of RCW 4.28-.185(1)(a). Upon motion by Batalla, the suit was dismissed for lack of personal jurisdiction.

Sorb contends the trial judge erred in entering the order of dismissal. We agree.

■ Washington courts may exercise personal jurisdiction over a nonresident defendant or foreign corporation under the following circumstances:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some

transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

*Lewis v. Curry College,* 89 Wn.2d 565, 568, 573 P.2d 1312 (1978). *Accord, Tyee Constr. Co. v. Dulien Steel Prods., Inc.,* 62 Wn.2d 106, 381 P.2d 245 (1963); *Access Road Builders v. Christenson Elec. Contracting Eng'g Co.,* 19 Wn. App. 477, 576 P.2d 71 (1978). Personal jurisdiction may be exercised if it is contemplated that some part of the transaction will take place in the forum state, although the transaction is to be consummated elsewhere. *Griffiths & Sprague Stevedoring Co. v. Bayly, Martin & Fay, Inc.,* 71 Wn.2d 679, 430 P.2d 600 (1967); *Barer v. Goldberg,* 20 Wn. App. 472, 582 P.2d 868 (1978).

Batalla correctly notes that the purposeful doing of some act or consummating some transaction generally entails an initiation of such purposeful activity in the state. *Griffiths & Sprague Stevedoring Co. v. Bayley, Martin & Fay, Inc., supra; Peter Pan Seafoods, Inc. v. Mogelberg Foods, Inc.,* 14 Wn. App. 527, 544 P.2d 30 (1975). This is not, however, dispositive of the issue presented.

■ A party who does not initiate the business contact is not thereby immune from personal jurisdiction of Washington courts if a business relationship subsequently arises. In *Cofinco of Seattle, Ltd. v. Weiss,* 25 Wn. App. 195, 605 P.2d 794 (1980), an exercise of personal jurisdiction over a New York resident who was initially contacted by a Washington corporation with an offer of employment was upheld. The New York resident accepted the offer and subsequently received goods, funds, and advancements of unspecified amounts pursuant to an unspecified number of telephone and written requests. We stated:

By entering into the employment contract, Weiss "purposefully [availed himself] of the privilege of conducting activities" within the State of Washington. *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958); *Peter Pan Seafoods, Inc. v. Mogelberg Foods, Inc.*, 14 Wn. App. 527, 544 P.2d 30 (1975); *Lewis v. Curry College*, 89 Wn.2d 565, 573 P.2d 1312 (1978). His employment contract afforded him, at the very least, the protection of Washington's laws affecting employer-employee relationships and its laws governing Cofinco's right to conduct business as a corporate entity.

*Cofinco of Seattle, Ltd. v. Weiss, supra* at 197. Likewise, in *Access Road Builders v. Christenson Elec. Contracting Eng'g Co., supra,* it was assumed that the defendant Oregon corporation did not solicit the construction bid submitted by the plaintiff Washington corporation. The court stated:

[Defendant] built a power substation in King County, Washington under a construction contract administered by Bonneville's Vancouver, Washington office. In addition, there were a number of telephonic communications between [plaintiff's] Washington office and [defendant's] Oregon office concerning whether or not [plaintiff] would do subcontracting work on the job for [defendant]. This satisfies the first requirement, that [defendant] must "purposefully do some act or consummate some transaction in the forum state."

*Access Road Builders v. Christenson Elec. Contracting Eng'g Co., supra* at 481–82.

Here, it is undisputed that Batalla placed orders, albeit at varying intervals and for varying quantities, over a 20-month period. There was no single contract; each order was a separate contract. The amounts ordered do not rise to the level of business transacted in *Peter Pan Seafoods* ($440,000), but neither were they de minimis. The fact that the goods were shipped from Indiana rather than Washington is immaterial. *See Griffiths & Sprague Stevedoring Co. v. Bayly, Martin & Fay, Inc., supra* (plaintiff Washington insurance agent procured insurance as requested by defendant California corporation from a London insurer).

Batalla engaged in purposeful conduct in Washington, and the cause of action arises from that conduct.

Whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice depends upon the quality, nature and extent of the defendant's activity in the state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the parties, and the "basic equities" of the situation. *Lewis v. Curry College, supra* at 568. Batalla benefited from the protection of Washington's laws governing corporations, as in *Weiss,* and Washington's law of sales. Batalla's orders entail more than de minimis amounts. Batalla is not an individual consumer or mail—order buyer. The protection of legal rights of Washington residents is a legitimate state interest. *Bowen v. Bateman,* 76 Wn.2d 567, 458 P.2d 269 (1969). These reasons support the exercise of personal jurisdiction over Batalla.

Although we conclude that a Washington court can exercise personal jurisdiction over Batalla, dismissal of the action in favor of litigation in an alternative forum may be appropriate on forum non conveniens grounds. *Cofinco of Seattle, Ltd. v. Weiss, supra.*

Accordingly, we reverse and remand for consideration of this issue.

RINGOLD and CORBETT, JJ., concur.