[No. 6054-0-II. Division Two. July 3, 1984.]

RICHARD S. HUEBNER, ET AL, *Respondents,* v. SALES PROMOTION, INC., ET AL, *Appellants.*

*Douglas S. Dunham,* for appellants.

*David Lieberworth,* for respondents.

WORSWICK, J.—In January 1980, Richard Huebner signed a partnership agreement with Tire Cosmotology Rental

(TCR) for the purpose of permitting Huebner to rent tire customizing machines to others in Washington. TCR is the name under which Sales Promotion, Inc. (SPI) does business. SPI is a corporate subsidiary of Tire Cosmotology, Inc. (TCI), a Texas corporation. Huebner contributed $100,000 to the partnership, and TCR provided 100 tire customizing machines. The agreement required Huebner to place all the machines with rental customers within 365 days or be in default. Upon default, TCR was entitled to terminate the agreement upon paying Huebner 25 percent of his original investment. Huebner negotiated the agreement with Jim and Frank Satterfield, TCI's president and SPI's vice–president, respectively.

In June 1980, Huebner and his wife Irene sued TCI, SPI and Jim and Frank Satterfield for damages and rescission, contending that the agreement violated Washington's Franchise Investment Protection Act (FIPA). RCW 19.100. There being no disputed facts, the trial court granted the Huebners' motion for summary judgment, holding that defendants had unlawfully offered and sold Huebner a franchise not registered in Washington, in violation of RCW 19.100.010 et seq. On this appeal, defendants contend that the trial court erred in concluding that the partnership agreement is a franchise, and in asserting personal jurisdiction over them. We affirm.

It is unlawful to sell or offer to sell any franchise in Washington unless the offer has been registered or exempted under RCW 19.100.030 et seq. RCW 19.100.020. RCW 19.100.190 provides in part:

> (2) Any person who sells or offers to sell a franchise in violation of this chapter shall be liable to the franchisee or subfranchisor who may sue at law or in equity for damages caused thereby for rescission or other relief as the court may deem appropriate.

Defendants did not register or seek exemption of any franchise. Therefore, if the partnership agreement is a franchise as defined in the FIPA, the Huebners were entitled to damages and rescission. Defendants contend the FIPA does

not apply because their agreement with Huebner is not a franchise. We disagree.

RCW 19.100.010(4) defines "franchise":

(4) "Franchise" means an oral or written contract or agreement, either expressed or implied, in which a person grants to another person, a license to use a trade name, service mark, trade mark, logotype or related characteristic in which there is a community interest in the business of offering, selling, distributing goods or services at wholesale or retail, leasing, or otherwise and in which the franchisee is required to pay, directly or indirectly, a franchise fee; . . .[1]

"License" in the context of the statute means the right to use as if one's own; it implies a proprietary interest in the trade name, trademark or logotype. *Lobdell v. Sugar 'N Spice, Inc.,* 33 Wn. App. 881, 658 P.2d 1267 (1983).

Defendants gave Huebner directions regarding his use of their trademarks. The directions provided in part:

You may refer to yourself as an "Authorized TIRE CUSTOMIZING Specialist," if you have completed the necessary training.

The term "tire customizing" is a TCI trademark.[2] Defendants granted Huebner a proprietary interest in that term. As long as Huebner did not violate the agreement, he could use it as his own. Therefore, defendants granted Huebner a license to use their trademark. *Lobdell v. Sugar 'N Spice, Inc., supra.* The trial court did not err in concluding that defendants sold Huebner a franchise.

Defendants next contend that the trial court erred in exercising personal jurisdiction over them. We disagree. RCW 19.100.160 provides in part:

Any person who is engaged or hereafter engaged

---

[1]Defendants merely claim they did not grant Huebner a license to use their trademarks. They do not contend there was no "community interest" as contemplated by the statute or that Huebner was not required to pay a franchise fee.

[2]At oral argument, counsel for defendants claimed the term "TIRE CUSTOMIZING" is not a TCI trademark. There is no merit to this contention. TCI's advertising identified the term as a trademark by the letters "TM".

directly or indirectly in the sale or offer to sell a franchise or in business dealings concerning a franchise, either in person or in any other form of communication, shall be subject to the provisions of this chapter, shall be amenable to the jurisdiction of the courts of this state and shall be amenable to the service of process under RCW 4.28-.180, 4.28.185 and 19.86.160.

RCW 4.28.185 provides in part:

(1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

(a) The transaction of any business within this state;

Under the long–arm statute, RCW 4.28.185, Washington courts may assert jurisdiction over nonresident individuals and foreign corporations to the extent permitted by the due process clause of the United States Constitution, except as limited by the terms of the statute. *Deutsch v. West Coast Mach. Co.*, 80 Wn.2d 707, 497 P.2d 1311, *cert. denied*, 409 U.S. 1009 (1972). RCW 19.100.160 is plainly broad enough to confer jurisdiction over all defendants. The issue is whether constitutional due process imposes a barrier as to some or all of them. We find none.

 Due process requires that a defendant be given notice of the suit and be subject to the personal jurisdiction of the court. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1949); *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057 (1945). A state court may exercise personal jurisdiction over a nonresident only if there are minimum contacts between the defendant and the forum state of such character that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, *supra*. The forum court may not aggregate the contacts of multiple defendants, *i.e.*, the requirements of *International Shoe* must be met as to each defendant over whom a state

court asserts jurisdiction. *Rush v. Savchuk,* 444 U.S. 320, 62 L. Ed. 2d 516, 100 S. Ct. 571 (1980). The defendant's conduct and connection with the forum state must be such that he should reasonably foresee being haled into court there. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 62 L. Ed. 2d 490 100 S. Ct. 559 (1980). When a corporation purposefully avails itself of the privilege of conducting activities within the forum state, it has clear notice that it is subject to suit there. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. at 297.

The corporate defendants here certainly had notice that they were subject to suit in Washington. Both TCI and SPI solicited business here through magazine advertisements and personal contacts with Washington residents. SPI arranged for rental dealerships in Washington, and TCI shipped tire customizing machines into the state. SPI and TCI are plainly subject to Washington jurisdiction.

We are satisfied that the contacts of the individual defendants were also sufficient to confer jurisdiction over them upon the Washington courts. Jim Satterfield was responsible for the advertisements in Washington which led Huebner to sign his rental dealer agreement. Jim also offered and negotiated other rental agreements with Washington residents. While these acts are not directly relevant to a jurisdictional analysis in this case, they do tend to belie his general contention that his activities were confined to Texas. Frank Satterfield contacted Huebner and other Washington residents regarding tire customizing rental agreements. The trial court did not err in asserting jurisdiction. *See World–Wide Volkswagen Corp. v. Woodson, supra; Thornton v. Interstate Sec. Co.,* 35 Wn. App. 19, 666 P.2d 370 (1983); *Sorb Oil Corp. v. Batalla Corp.,* 32 Wn. App. 296, 647 P.2d 514 (1982).

Frank Satterfield contends that he did not have sufficient contacts with Washington to support personal jurisdiction over him. He emphasizes that he has never been in Washington, and likens himself to an office secretary who merely corresponds occasionally with out–of–state residents by

telephone and mail. We disagree.

Personal jurisdiction need not be predicated on a defendant's presence in the forum state. Jurisdiction may be asserted where a defendant's out–of–state conduct causes harm in the forum state. *Calder v. Jones,* ___ U.S. ___, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984). Frank's activities were not similar to those of an office secretary. He did not merely fill in blanks on a form contract, but was a primary participant in the offer and sale of an unregistered franchise—the very conduct proscribed by the FIPA. The fact that he conducted these activities in Texas does not preclude Washington from exercising jurisdiction over him where the harm was suffered in Washington. The focal point and end product of his activity—as well as that of all other defendants—was a "partnership" agreement, the primary activities of which were to be conducted in Washington. The harm that would flow from these activities would foreseeably occur in Washington. *Calder v. Jones, supra;* RCW 19.86.160.

■ Frank and Jim contend that the trial court erred in piercing the corporate veil to exercise personal jurisdiction over them, citing *Stanley Works v. Globemaster, Inc.,* 400 F. Supp. 1325 (D. Mass. 1975). We disagree. *Stanley* is distinguishable. In *Stanley,* the court held that personal jurisdiction could not be exercised over the individual defendants because they lacked the requisite minimum contacts with Massachusetts. *Stanley Works v. Globemaster, Inc.,* 400 F. Supp. at 1336. The court also refused to pierce the corporate veil, *i.e.,* find personal jurisdiction over the individual defendants simply because the court had personal jurisdiction over the corporation for which they worked. *Stanley Works v. Globemaster, Inc.,* 400 F. Supp. at 1336. In contrast, the trial court here analyzed the personal contacts of Frank and Jim individually and, as we have previously noted, found them sufficient. The trial court did not assert personal jurisdiction over them merely

because they worked for a corporation subject to Washington jurisdiction.

Frank and Jim also claim they did not have sufficient contact with Washington because all their contacts were based on their roles as corporate officers. We disagree. While Jim and Frank's contacts with Washington should not be judged by their employer's activities, neither does their status as employees insulate them from jurisdiction. *Calder v. Jones, supra; Rush v. Savchuk*, 444 U.S. 320, 62 L. Ed. 2d 516, 100 S. Ct. 571 (1980). Again, when their individual activities are examined, it is apparent that Frank and Jim each had sufficient contacts with Washington to support personal jurisdiction over them.

█ Finally, all defendants contend that they did not anticipate being subject to Washington's jurisdiction because the partnership agreement with Huebner provided that Texas law would govern. Therefore, they claim the trial court erred in asserting jurisdiction, citing *World–Wide Volkswagen Corp. v. Woodson, supra*. We disagree. *World–Wide Volkswagen Corp.* did not create a subjective test for determining jurisdiction. The test is still objective, *i.e.*, whether a defendant, based on his contacts with the forum state, should reasonably anticipate being haled into court there. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 297. The choice of law clause in the partnership agreement says nothing about jurisdiction and does not support defendants' contention.

█ Defendants assigned error to the trial court's denial of their motion to dismiss for improper venue and for failure to state a claim. This assignment was not argued in defendants' brief and is deemed abandoned. *Pappas v. Hershberger*, 85 Wn.2d 152, 530 P.2d 642 (1975).

The Huebners have requested attorney's fees and costs pursuant to RCW 19.100.190(3) and RAP 18.1, and have complied with RAP 18.1. We award them attorney's fees of $7,777.10 on appeal against all appellants.

Affirmed.

PETRICH, C.J., and REED, J., concur.

Reconsideration denied December 4, 1984.

Review denied by Supreme Court February 1, 1985.