[No. 8661–5–III.   Division Three.   June 8, 1988.]

DeeAnn J. Perry, *Respondent,* v. Floyd Hamilton,
ET AL, *Petitioners.*

*Robert Henderson, Henderson & Nichols,* and *Lewis Schrawyer,* for petitioners.

*Richard Eymann* and *Feltman, Gebhardt, Eymann & Jones,* for respondent.

GREEN, J.—DeeAnn Perry, a Washington resident, commenced this action against Idaho residents, Floyd and Jean Hamilton, for injuries she sustained in an automobile accident after leaving the Hamiltons' home in an allegedly intoxicated condition. The Hamiltons moved to dismiss the action for lack of in personam jurisdiction. This motion was granted. Mrs. Perry moved to reconsider, and upon reconsideration the court denied the motion to dismiss. The Hamiltons then filed a motion to decline jurisdiction based on forum non conveniens and a motion contending Idaho rather than Washington law applies. These motions were also denied. The Hamiltons contend the court erred in finding jurisdiction and in denying their motions based upon forum non conveniens and choice of law. We reverse.

The Hamiltons are residents of Idaho, living near Rockford Bay, and Mrs. Perry is a resident of Spokane. Mrs. Perry and the Hamiltons were ,close friends. On Friday, June 7, 1985, Mrs. Hamilton telephoned Mrs. Perry at her home in Spokane and invited her to spend the weekend at their Idaho home. Mrs. Perry accepted and arrived early

Friday evening. Alcoholic beverages were consumed by Mrs. Perry and the Hamiltons throughout the weekend at both the Hamiltons' home and at a marina. After returning from the marina to the Hamiltons' home early Sunday morning, the parties had several more drinks. Mrs. Hamilton went to bed, but arose sometime later to find Mr. Hamilton and Mrs. Perry kissing. Mrs. Perry became upset, attempted to leave, but was persuaded to remain by Mrs. Hamilton. Mr. Hamilton went to bed and Mrs. Hamilton served Mrs. Perry a cup of coffee and some rye bread. She drank the coffee but did not eat anything. Mrs. Perry left the Hamiltons to return to Spokane about 7:30 a.m. Shortly after crossing into Washington, she lost control of her car and as a result of the accident sustained serious, permanent injuries. This action ensued.

The first and dispositive issue raised by the Hamiltons is whether the court erred in extending jurisdiction over them based upon Washington's long–arm statute.[1] The Hamiltons argue the only contact with the State of Washington, a telephone call, is insufficient to confer jurisdiction. Mrs. Perry asserts (1) a single act can be the basis for jurisdiction, or alternatively, (2) the parties' ongoing relationship over a period of years, coupled with the Hamiltons' other business and personal contacts with the State of Washington, is sufficient to confer jurisdiction.

The following procedural rules are applicable. A motion for reconsideration based upon CR 59 is addressed to the sound discretion of the trial court whose judgment will not be reversed absent a showing of manifest abuse. *In re Marriage of Burkey*, 36 Wn. App. 487, 489, 675 P.2d 619 (1984). Upon a challenge to jurisdiction, the party asserting it has the burden of establishing its existence. *Bershaw v. Sarbacher*, 40 Wn. App. 653, 655, 700 P.2d 347 (1985). A

---

[1]The Hamiltons argue for the first time in their reply brief that Mrs. Perry failed to establish a prima facie case by showing the Hamiltons' conduct was tortious. This issue need not be considered. RAP 10.3(c); RAP 2.5; *State v. Wixon*, 30 Wn. App. 63, 631 P.2d 1033, *review denied*, 96 Wn.2d 1012 (1981).

motion to dismiss is viewed in the light most favorable to the nonmoving party. *Skarperud v. Long,* 40 Wn. App. 548, 552, 699 P.2d 786 (1985).

That portion of the Washington long–arm statute which Mrs. Perry asserts gives rise to jurisdiction over the Hamiltons is based upon RCW 4.28.185(1)(b) which states:

> Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
> . . .
> (b) The commission of a tortious act within this state;

In the seminal case of *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057 (1945), the Court stated:

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice".

In our state three criteria have been articulated for making this determination:

> (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

(Footnotes omitted.) *Tyee Constr. Co. v. Dulien Steel Prods., Inc.,* 62 Wn.2d 106, 115–16, 381 P.2d 245 (1963).

The test for determining jurisdiction is an objective one, that is, whether the defendant, based upon his contacts with the forum state, should reasonably anticipate being haled into court there. *Huebner v. Sales Promotion, Inc.,* 38 Wn. App. 66, 684 P.2d 752 (1984), *review denied,* 103 Wn.2d 1018, *cert. denied,* 474 U.S. 818 (1985). The nonresident defendant must purposefully avail himself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws. *Hanson v. Denckla,* 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958). Stated another way, there must exist a substantial connection between the defendant and the forum state. *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987). It is the quality and nature of the activities which determine if the contact is sufficient, not the number of acts or mechanical standards. *Nixon v. Cohn,* 62 Wn.2d 987, 994, 385 P.2d 305 (1963). The focus should be on the relationship between the defendant, the forum and the litigation. *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775, 79 L. Ed. 2d 790, 104 S. Ct. 1473 (1984) (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 53 L. Ed. 2d 683, 97 S. Ct. 2569, 2579 (1977)); *Hogan v. Johnson,* 39 Wn. App. 96, 102, 692 P.2d 198 (1984).

Here, the question is whether the Hamiltons engaged in some purposeful act in or directed to Washington. The primary contact the Hamiltons had with Washington was the telephone call inviting Mrs. Perry to spend the weekend with them in Idaho. Phone calls may, without more, be sufficient to satisfy due process requirements where the nonresident defendant initiates the contact and as a consequence enjoys the privileges and protections of Washington courts. *Griffiths & Sprague Stevedoring Co. v. Bayly, Martin & Fay, Inc.,* 71 Wn.2d 679, 430 P.2d 600 (1967) (where a nonresident defendant ordered insurance by telephone and mail from a Washington broker which made it a party in a business transaction in Washington, thereby submitting it to Washington's long–arm jurisdiction).

■ It is difficult to conceive how the Hamiltons' phone call, or even expanding the contact to include their ongoing friendship, is purposeful activity directed toward Washington, when the activity, social here in nature, took place in Idaho. Nor can the Hamiltons' other contacts with Washington which are unrelated to this cause of action give rise to jurisdiction.[2] Lastly, we fail to see how the Hamiltons' actions invoked the benefits and protections of Washington law by their friendship with Mrs. Perry.

■ Mrs. Perry argues, however, Mr. Hamilton's conduct should have led to a reasonable expectation that she would leave in an intoxicated condition, thereby possibly having an accident in Washington. The court seemed to agree with this position stating:

> I think that a trier of fact could reasonably find that . . . the acts in Idaho, . . . could cause the effects that finally occurred in the State of Washington. It's possible that the Hamiltons could be found negligent on that basis in that they should have known that this individual . . . being put into an automobile and virtually pointed in the direction of the State of Washington that they should have known that they were setting an accident in motion and pushing it toward the State of Washington.

However, the foreseeability that an injury might occur in another state is not a "sufficient bench mark" for exercising jurisdiction. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980). Rather, the foreseeability which is critical to due process analysis is that the defendant's conduct in connection *with the forum* state is such that he should reasonably anticipate being haled into court there. *World–Wide Volkswagen,* 444 U.S. at 297. Here, there is nothing in the Hamiltons' invitation which could have reasonably led them to believe that the invitation would result in litigation in Washington.

Nor do we find the other factors in *Tyee,* the relative convenience of the parties, the benefits and protection of

---

[2]Those contacts included business activities and use of medical and shopping facilities in Washington.

the laws of the forum state afforded the respective parties, and the basic equities of the situation, militate toward assumption of jurisdiction. Consequently, we conclude the court erred in assuming jurisdiction.

Given our decision that jurisdiction is not proper, it is unnecessary to review the remaining issues raised by the Hamiltons.

Reversed.

McINTURFF, C.J., and THOMPSON, J., concur.

Review denied by Supreme Court October 4, 1988.