IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SALTAIRE CRAFTSMEN, LLC, a Washington limited liability company, | No. 80288-7-I |
| Plaintiff, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| MARY ANNE BLAKE, an individual, | |
| Respondent, | |
| v. | |
| RYAN ANDREW MCLAUGHLIN, an individual, | |
| Appellant. | |

SMITH, J. — Ryan McLaughlin appeals trial court orders that granted summary judgment in favor of his former spouse, Mary Anne Blake, and awarded attorney fees to her in connection with McLaughlin's obligations under a separation contract. Because Blake incurred a debt for which McLaughlin was contractually obligated to indemnify her, there are no genuine issues of material fact and Blake was entitled to judgment as a matter of law. We affirm the court's orders.

FACTS

In 2015, Ryan McLaughlin and his then-spouse, Mary Anne Blake, began the process of starting a business, Little Bean Coffee Company LLC, to build and operate a coffee shop in Redmond, Washington. On July 14, 2015, Blake and

McLaughlin entered into construction contracts with Saltaire Craftsmen LLC to build the coffee shop in leased space. The agreement provided that Saltaire would perform the work on a fixed-cost basis with a deposit and periodic invoices based on the percentage of completion.

The parties separated in September 2015, before the construction was complete. They signed a separation contract in June 2016, which was later incorporated into the dissolution decree. In the contract, Blake assigned her interest in the business to McLaughlin and he assumed responsibility for all business-related debts and liabilities. Specific provisions in the contract set forth the parties' rights and obligations with respect to the business:

> Wife shall assign all right, title and interest in Little Bean Coffee Company, LLC or any successor thereof ("LLC") to Husband. . . . Husband shall obtain releases of Wife's personal guaranty on any liabilities of the LLC (i.e. the Redmond 158th, LLC lease and Saltaire Construction contract) and provide said releases to her simultaneously with execution of the CR 2A Agreement. . . .
> *Husband shall indemnify, defend, hold harmless, protect and reimburse Wife for, from, and against any and all debts of any type whatsoever, legal proceedings, claims, losses, demands, damages liabilities, costs and expenses (including without limitation, reasonable attorney's fees)*, fines, judgments, mediator costs, arbitrator costs, court costs, legal fees incurred at any time, and all interest thereon *related to this business being awarded* to the Husband, including but not limited to the American Express credit card debt, *Saltaire Construction fees* and Redmond 158th, LLC lease.
> Husband shall immediately make his best efforts to obtain a release and/or to obtain written acknowledgment from any business-related creditor that such creditor has removed Wife's name from each business-related debt held in her name or jointly with him or as a member of the marital community. This shall be a continuing, ongoing obligation that shall survive entry of the Decree of Dissolution and shall remain in effect until Wife is no longer obligated on any business-related debt.

(Emphasis added.)

McLaughlin was unable to secure a hold harmless agreement from Saltaire releasing Blake from the contract. On August 31, 2018, Saltaire sued Blake, alleging that she owed a principal balance of $14,907.35, plus interest, attorney fees, and costs under the construction contract. Blake informed McLaughlin of the lawsuit. McLaughlin acknowledged that he had a "responsibility to defend" Blake, said he was already in contact with Saltaire about the matter, and told Blake it was "unnecessary" for her to file a notice of appearance and he would not reimburse her for doing so. Blake informed McLaughlin that if he did not quickly resolve the lawsuit, she would be forced to add him as a third party defendant.

On October 25, 2018, after Saltaire indicated its intent to file a motion for default, Blake answered Saltaire's complaint and filed a third party complaint against McLaughlin for breach of the separation contract. McLaughlin retained legal counsel.

Over the next two months, Blake's counsel repeatedly attempted to obtain information from McLaughlin about the nature of the dispute with Saltaire, whether McLaughlin had any defenses to the claim, and how he intended to proceed. McLaughlin provided no substantive information. On January 7, 2019, McLaughlin filed an answer to Blake's third party complaint. He did not assert any claims against Saltaire.

Four days later, Saltaire served Blake with discovery requests, which she promptly forwarded to McLaughlin's counsel. The discovery requests included questions about modifications to the contract, defenses to Saltaire's claims, and

requests for documents, including invoices and receipts. Blake's counsel requested that McLaughlin respond to the discovery and sought information from him to enable her to respond. McLaughlin eventually provided some documents to Blake, but without explanation as to how they related to any particular defense.

On March 14, 2019, Saltaire filed a motion to compel discovery responses and for terms, and reserved a summary judgment hearing date. Around April 1, 2019, Blake settled the case with Saltaire for $15,000, and the court granted Saltaire's motion to dismiss the lawsuit.[1] The terms of the settlement required Blake to enter a confession of judgment to secure payment.

Blake then filed a motion for summary judgment against McLaughlin, arguing that McLaughlin breached the separation contract by failing to defend or indemnify her against the claims asserted by Saltaire. She claimed that McLaughlin was liable for $15,000, the amount she paid to settle Saltaire's claim, plus interest, and for the attorney fees and expenses she incurred under an attorney fee provision in the separation contract. McLaughlin opposed the motion.

Following a hearing, the court granted Blake's motion. The trial court subsequently entered an order amending the judgment to add costs and attorney fees under the separation contract. The court awarded approximately $25,000 in "reasonable and necessary" attorney fees to Blake, resulting in a total judgment

---

[1] Blake negotiated a settlement that did not include the more than $15,000 in attorney fees and costs sought by Saltaire.

of $41,406.94.[2]  The court also denied McLaughlin's motion for reconsideration. McLaughlin appeals.

ANALYSIS

Long settled standards govern our review.  This court reviews a summary judgment de novo, performing the same inquiry as the trial court. Lybbert v. Grant County, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). The facts, and all reasonable inferences to be drawn from them, are viewed in the light most favorable to the nonmoving party.  Lybbert, 141 Wn.2d at 34.  Summary judgment is appropriate where "the pleadings, affidavits, and depositions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300-01, 45 P.3d 1068 (2002); CR 56(c).  Where reasonable minds could reach only one conclusion from the admissible facts in evidence, the issue may be determined on summary judgment.  Sutton v. Tacoma Sch. Dist. No. 10, 180 Wn. App. 859, 865, 324 P.3d 763 (2014).[3]

---

[2] The court deducted $7,000 in fees sought by Blake to account for counsel's billing entries that appeared to reflect administrative rather than legal tasks.

[3] It is also well established that because appellate review of summary judgment is de novo, findings of fact and conclusions of law are not only unnecessary, they are superfluous and will be disregarded by the court on appeal. Nelson v. Dep't of Labor & Indus., 198 Wn. App. 101, 109, 392 P.3d 1138 (2017); Hemenway v. Miller, 116 Wn.2d 725, 731, 807 P.2d 863 (1991). We therefore do not consider the trial court's factual finding that McLaughlin failed to indemnify and defend Blake or its conclusions that he breached provisions of the separation contract.

McLaughlin claims there are genuine issues of material fact regarding the validity and enforceability of the liquidated damages provision in the Saltaire construction contract that preclude summary judgment.

McLaughlin did not raise this issue below. Opposing summary judgment, McLaughlin contended that summary judgment was improper because he made efforts to release Blake from her obligations under the Saltaire contract. He also asserted that Blake's motion was "premature" because she settled her claims with Saltaire before the expiration of discovery and with knowledge that he had reserved the right to assert additional claims or defenses. "On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court." RAP 9.12. This rule ensures that the appellate court engages in the same inquiry as the trial court. Vernon v. Aacres Allvest, LLC, 183 Wn. App. 422, 436, 333 P.3d 534 (2014).

McLaughlin claims that he raised the liquidated damage provision issue "to Ms. Blake" repeatedly throughout the litigation. The record belies the assertion, and in any event, this is immaterial. It is undisputed that McLaughlin failed to call the issue to the attention of the trial court when it addressed Blake's motion for summary judgment. He mentioned the issue for the first time in his motion for reconsideration. But CR 59, which governs motions to reconsider, does not permit a party to propose new theories of the case that could have been raised before entry of an adverse decision. JDFJ Corp. v. Int'l Raceway, Inc., 97 Wn. App. 1, 7, 970 P.2d 343 (1999). Because McLaughlin did not properly raise

6

the issue of the validity of the contract provision below, it is beyond our scope of review under RAP 9.12, and we will not consider the argument on appeal.

Moreover, when Blake filed her motion for summary judgment, the court had already granted Saltaire's motion to dismiss its lawsuit against Blake under the construction contract. The contract at issue was the parties' separation contract, not the Saltaire contract. The separation contract required McLaughlin to "indemnify, defend, hold harmless, protect and reimburse" Blake "for, from, and against any and all debts of any type whatsoever" related to Little Bean or Saltaire's construction fees. Because Blake incurred a debt stemming from Saltaire's legal claims that arose under the construction contract, McLaughlin was required to reimburse her. Nothing in the contract required Blake to litigate or otherwise assert claims on McLaughlin's behalf, even if she was aware that McLaughlin "disputed" amounts owed to Saltaire or was aware of the basis for the dispute. Blake was entitled to protect herself and settle the case. The contract did not require her to confer with McLaughlin, comply with his preferred litigation strategy, or to defer settlement until after the discovery deadline passed.

McLaughlin also challenges the denial of his motion for reconsideration. In addition to reiterating his arguments described above, he argues that Blake omitted certain relevant documents in response to Saltaire's discovery requests and those omissions were "prejudicial to the trial court." But McLaughlin fails to establish a discovery violation. And discovery between Saltaire and Blake was wholly irrelevant to Blake's claim against McLaughlin under the separation contract. To the extent that the allegedly withheld documents pertained to

7

McLaughlin's attempt to comply with his obligation to obtain an agreement releasing Blake from the Saltaire contract, such compliance did not alter or extinguish his separate obligation to indemnify and reimburse Blake for debts she incurred in relation to the Saltaire contract. The trial court did not abuse its discretion in denying reconsideration. See Perry v. Hamilton, 51 Wn. App. 936, 938, 756 P.2d 150 (1988) (Motions for reconsideration are addressed to the sound discretion of the trial court.).

Both parties request attorney fees on appeal. RAP 18.1(a) provides for reasonable attorney fees or expenses "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." "A party is entitled to attorney fees on appeal if a contract, statute, or recognized ground of equity permits recovery of attorney fees at trial and the party is the substantially prevailing party." Hwang v. McMahill, 103 Wn. App. 945, 954, 15 P.3d 172 (2000). The indemnification provision at issue includes "without limitation, reasonable attorney's fees."[4] Blake prevailed on her claim under the separation contract. She is entitled to reasonable attorney fees and costs associated with this appeal, including fees incurred in connection with McLaughlin's emergency motion to stay enforcement of the judgment previously denied by a commissioner of this court, subject to her compliance with RAP 18.1(d).

---

[4] The separation contract includes two additional provisions that expressly provide for reimbursement of attorney fees in connection with the enforcement of the contract.

8

Affirmed.

WE CONCUR: