IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| VAN NHU HUYNH, | ) | No. 81452-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LEUNG HING LI and JANE DOE LI, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

HAZELRIGG, J. — Leung Hing Li asks this court to review the trial court's award of supplemental judgment in favor of his ex-wife, Van Nhu Hunyh, following an earlier appeal to this court. Because the arguments Li advances are new and were not raised in the trial court, they are waived. We affirm the trial court's award of supplemental judgment in favor of Hunyh.

FACTS

This review follows Leung Hing Li's unsuccessful appeal of a previous judgment in favor of Van Nhu Huynh quieting title to real estate. During the pendency of the first appeal, Li obtained a stay of the judgment quieting title for which he was required to post a bond. This court affirmed the quiet title judgment.[1] Following that determination, Li brought a motion to release the supersedeas bond,

_____

[1] Huynh v. Li, No. 78417-0-I, slip op. (Wash Ct. App. Oct 7, 2019), (unpublished), https://www.courts.wa.gov/opinions/pdf/784170.pdf.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

arguing the value of the property at issue had "remained essentially unchanged" during the stay and cited information from Zillow[2] to support his position. Huynh argued that the price had decreased and brought a competing motion for supplemental judgment. To support her position, Huynh submitted a declaration of Vijya Patel, a real estate broker, who indicated a decrease in market value. Li opposed Huynh's valuation in support of her claim for damages, but did not directly challenge the authority or legal basis for an award of supplemental judgment. The only dispute before the trial court was whether the market value of the property had decreased and, if so, by how much.

The trial court initially scheduled an evidentiary hearing on the matter in April 2020. However, in light of the COVID-19 pandemic, the trial court indicated to counsel that it intended to rule on the matter based on the written submissions of each party. Neither party objected or otherwise expressed any concern over the judge's intended process. The trial court entered a supplemental judgment in favor of Huynh. Li now appeals.

ANALYSIS

Li raises two issues on appeal. First, he avers the trial court improperly concluded Huynh suffered damages during the pendency of Li's appeal such that supplemental judgment should not have been granted. Second, he asserts that the trial court erred by proceeding without an evidentiary hearing and ruling solely on the briefing by the parties. However, the arguments Li advances on appeal are

---

[2] Zillow Group, or simply Zillow, is an online real estate platform that features data on approximately 110 million homes across the United States; including value estimates, value changes, and price comparisons to other homes in the area.

- 2 -

presented for the first time. We decline to consider such arguments when they were not raised before the trial court.

As to the first assignment of error, whether entry of supplemental judgment was proper, Li now asserts that Huynh did not suffer any damages because she had full use of the property during the pendency of his appeal. His argument is not properly before this court. As Huynh points out in briefing, "[a]n argument neither pleaded nor argued to the trial court cannot be raised for the first time on appeal." Silverhawk LLC v. KeyBank Nat'l Ass'n, 165 Wn. App. 258, 265, 268 P.3d 958 (2011); see also Pappas v. Hershberger, 85 Wn.2d 152, 153–54, 530 P.2d 642 (1975). RAP 2.5 provides, "[t]he appellate court may refuse to review any claim of error which was not raised in the trial court." This court will not allow a party to withhold argument until it receives an adverse ruling and then raise the issue as a new argument on appeal.

Li next asserts that he was denied due process when the court decided not to hold an evidentiary hearing and, secondarily, by Huynh's failure to provide proper notice when the hearing was initially noted. Li asserts that it was improper for the court to rule on the motion for supplemental damages without holding an evidentiary hearing. However, the court clearly informed the parties of its intention to rule on the briefing in light of necessary restrictions brought about by the early stages of the COVID-19 pandemic. Li did not object or express concern about the court's proposal. Now, after the court's unfavorable ruling, he claims this was error. As with his other assignment of error, this issue is raised for the first time on appeal. As such, we decline to review this challenge. See RAP 2.5(a). We

similarly decline to consider Li's argument as to lack of notice by Huynh as he failed to raise any objection when the hearing was initially set and further failed to identify any procedural deficiency in the two months between filing of Huynh's motion and the trial court's ruling. Li cannot participate in a procedure, never complaining of it, and then on appeal argue that it was improper. See Cotton v. City of Elma, 100 Wn. App. 685, 698, 998 P.2d 339 (2000).

    Affirmed.

WE CONCUR:

Andrus, A.C.J.