[No. 726-1.    Division One—Panel 1.    October 4, 1971.]

EARL MAHNKEY, JR., *Appellant,* v. LAWRENCE E. KING *et al., Defendants,* HOLSCLAW BROTHERS, INC., *Respondent.*

*Griffin & Enslow* and *Robert G. Griffin*, for appellant.

*Lee, Carney, Smart & Bever, Nelson T. Lee,* and *Milton C. Smith,* for respondent.

UTTER, J.—Earl Mahnkey, Jr. brought suit against Holsclaw Brothers, Inc. and four other defendants for damages received in an automobile accident in the state of Washington. Jury verdicts in Mahnkey's favor were rendered against two of the defendants; however, the jury found in favor of Holsclaw. Holsclaw is an Indiana corporation which manufactures trailers and jurisdiction was obtained in Washington under RCW 4.28.180 and RCW 4.28.185.[1]

---

[1] RCW 4.28.180. "Personal service of summons or other process may be made upon any party outside the state. If upon a citizen or resident of this state or upon a person who has submitted to the jurisdiction of the courts of this state, it shall have the force and effect of personal service within this state; otherwise it shall have the force and effect of service by publication. The summons upon the party out of the state shall contain the same and be served in like manner as personal summons within the state, except it shall require the party to appear and answer within sixty days after such personal service out of the state."

RCW 4.28.185. "(1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this state;

Following entry of the verdicts, the trial court then heard a motion for reasonable attorneys' fees urged by Holsclaw pursuant to RCW 4.28.185(5). The court awarded attorneys' fees and statutory costs in the sum of $7,541.10.

Mahnkey alleges the provisions of the statute awarding attorneys' fees to successful out-of-state defendants is unconstitutional in that it denies equal protection of the law, inasmuch as persons subject to the jurisdiction of the courts of Washington are divided unreasonably into two classes; plaintiffs who lose to Washington defendants and plaintiffs who lose to out-of-state defendants.

■■ In examining Mahnkey's claim of denial of equal protection, certain basic principles are involved. Our state constitution is a restriction on lawmaking power, not a grant, and the legislature therefore has the power to enact all reasonable laws except where, either expressly or by fair inference, they are prohibited by federal and state constitutions. A presumption of constitutionality therefore exists. Article 1, section 12 of our constitution and the fourteenth amendment to the federal constitution, which

"(b) The commission of a tortious act within this state;

"(c) The ownership, use, or possession of any property whether real or personal situated in this state;

"(d) Contracting to insure any person, property or risk located within this state at the time of contracting.

"(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the defendant outside this state, as provided in RCW 4.28.180, with the same force and effect as though personally served within this state.

"(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

"(4) Personal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state.

"(5) In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

"(6) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law."

guarantees equality of the laws, require that class legislation must apply to all persons within the class and reasonable grounds must exist for making a distinction for those within and those without a specific class. Legislative discretion expressed in statutory enactments are not unconstitutional within these terms unless they are manifestly arbitrary, unreasonable, inequitable and unjust. *Clark v. Dwyer*, 56 Wn.2d 425, 353 P.2d 941 (1960).

The burden is upon the one challenging a statutory classification to show that it fails to rest upon any reasonable basis and is essentially arbitrary. *Markham Advertising Co. v. State*, 73 Wn.2d 405, 439 P.2d 248 (1968).

Mahnkey's attack on the statute is directed to the claimed lack of reasonable grounds for making a distinction between resident defendants and nonresident defendants. He asserts the discretionary authority vested in the court to impose attorneys' fees is a penalty for resorting to the courts to enforce a natural or common-law right and that plaintiffs do not enter Washington courts with the same protection afforded defendants by our statutes.

The intent of our legislature in enacting RCW 4.28.185 was to allow our courts to assert jurisdiction over nonresident defendants to the extent permitted by the due process clause of the fourteenth amendment to the United States Constitution, except as limited by the terms of the statute. *Tyee Constr. Co. v. Dulien Steel Prods., Inc.*, 62 Wn.2d 106, 381 P.2d 245 (1963); *Omstead v. Brader Heaters, Inc.*, 5 Wn. App. 258, 487 P.2d 234 (1971).

In determining the constitutionality of RCW 4.28.185, our court considers, as one of the factors, the balancing of the relative convenience and burdens placed upon both the plaintiff and defendant by reason of litigating the cause of action in this state. The presence of witnesses in this state is a persuasive factor in determining relative convenience, and the burden on foreign defendants is lightened by the fact that RCW 4.28.185 provides that if an out-of-state defendant prevails in an action, he is entitled to receive as part of his costs, a reasonable attorney fee to

be fixed by the court. *Omstead v. Brader Heaters, Inc.,* *supra* at 271. The reason for delineating out-of-state defendants as a specific class is amply set forth in *Brader.* The action by the legislature was intended to bring the statute within the traditional notions of "fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057 (1945). There is no decision indicating the establishment of this class was necessary to be constitutional. On the other hand, we believe, for the reasons stated in *Brader,* Mahnkey has failed to establish the classification is unreasonable and arbitrary.

Mahnkey cites *Gano v. Minneapolis & St. L. R.R.,* 114 Iowa 713, 87 N.W. 714 (1901) to support the proposition that the imposition of attorneys' fees is a penalty. The case, as applied to this statement of facts, does not stand for the proposition cited and if a classification is otherwise reasonable, the allowance of attorneys' fees to one successful party only does not per se violate the "equal protection" clause. The difference in burdens placed upon the parties, particularly the added expense of cross-country travel and bringing expert witnesses from out of state, may be the basis of the distinctive treatment respecting the allowance of attorneys' fees as a part of the costs. *Missouri, Kan. & Tex. Ry. v. Cade,* 233 U.S. 642, 58 L. Ed. 1135, 34 S. Ct. 678 (1913). This disposition makes it unnecessary to consider the other grounds urged in support of the trial court's ruling.

The judgment is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.