[No. 1305-1.    Division One—Panel 1.    April 16, 1973.]

GEORGE R. WILLIAMS, *Appellant,* v. CANADIAN FISHING COMPANY, LTD., *Respondent.*

*Detels, Draper & Marinkovich* and *Dwight L. Guy,* for appellant.

*Bogle, Gates, Dobrin, Wakefield & Long* and *Thomas J. McKey, Jr.,* for respondent.

SWANSON, C.J.—This appeal presents the primary question of whether the Washington courts may assume jurisdiction over a foreign corporation on the basis that (1) it is the wholly-owned subsidiary of a parent corporation based in Washington, and (2) it has the necessary "minimum contacts" within the state to establish jurisdiction.

Appellant Williams filed suit in King County Superior Court against the respondent Canadian Fishing Co. seeking to recover for damages suffered when his fishing vessel *Starling* sunk following a collision with respondent's vessel

*Cape Scott* on July 10, 1968, in Discovery Passage, navigable waters of British Columbia, Canada. Service of process was made against J. S. Gage, vice-president of New England Fish Co. of Seattle, a Washington corporation which is the parent company of respondent and owns 100 percent of respondent's capital stock. Following appropriate motions by defense counsel, the trial court dismissed the action on the dual grounds that respondent, being a Canadian corporation, was not subject to the court's jurisdiction, and that service of process upon an officer of the parent corporation was not effective service upon the respondent. This appeal followed.

Appellant contends that the trial court erred in dismissing his action against respondent for want of jurisdiction. He argues that respondent has sufficient "presence" in the state of Washington through the "minimum contacts" of "doing business" to satisfy the requirements of due process which must be met before respondent may be subject to the state's jurisdiction. *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057 (1945); *Hanson v. Denckla,* 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958). In appellant's view, respondent meets the "minimum contacts" requirements because it has sold fish to its Washington parent corporation on a daily basis for 8 years. He points out that the fish are sold on a "delivered in Seattle" basis, with "title" to the fish passing on delivery, and transportation arrangements, sometimes involving the employment of trucks and the use of Washington services and highways, are made by respondent. In support of his position, appellant directs our attention to *Agrashell, Inc. v. Bernard Sirotta Co.,* 344 F.2d 583 (2d Cir. 1965); *O'Neill v. Lang Transp. Corp.,* 19 F. Supp. 477 (D. Nev. 1937); *Stephenson v. Duriron Co.,* 401 P.2d 423 (Alas. 1965); *Twinco Sales, Inc. v. Superior Court,* 230 Cal. App. 2d 321, 40 Cal. Rptr. 833 (1964).

The authorities cited by appellant are distinguishable from the case at bar and in any event are not control-

ling. As our state Supreme Court said in *Deutsch v. West Coast Mach. Co.,* 80 Wn.2d 707, 497 P.2d 1311 (1972), at 711:

> It is well established in this state that under the long-arm statute, RCW 4.28.185, our courts may assert jurisdiction over nonresident individuals and foreign corporations to the extent permitted by the due process clause of the United States Constitution, *except as limited by the terms of the statute.* [Citations omitted.]

(Italics ours.) Although the outer limits of the due process clause in the context of the state long-arm statute are indicated by *International Shoe Co. v. Washington, supra,* and its progeny, appellant nevertheless has the burden of proving that jurisdiction may be assumed over the respondent under the terms of our statute, RCW 4.28.185. *See Taylor v. Portland Paramount Corp.,* 383 F.2d 634 (9th Cir. 1967). RCW 4.28.185 provides, in relevant part:

> Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person . . . to the jurisdiction of the courts of this state as to any cause of action *arising from the doing of any of said acts*:
>
> (a) The transaction of any business within this state;

(Italics ours.)

■ In *Deutsch,* 80 Wn.2d at 711, the court outlined the test for assuming jurisdiction over a foreign corporation under RCW 4.28.185 as follows:

> (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation. [Citations omitted.]

*See also Smith v. York Food Mach. Co.*, 81 Wn.2d 719, 504 P.2d 782 (1972). It is apparent from an examination of the record that respondent does not come within these criteria. Even if we were to conclude that respondent's limited use of our state highways through hired trucks constituted "transaction of any business within this state," the cause of action in question did not arise from it. RCW 4.28.185(1)(a). Unlike the situation in *International Shoe Co.*, respondent has no agents or employees in this state and does not engage in the solicitation of business in this state. Further, there is no showing that the relative convenience of the parties to this lawsuit which involves a tort allegedly committed by a Canadian corporation in Canadian waters would be better served by allowing the litigation to go forward in Washington.

Nevertheless, appellant contends that respondent has constitutionally sufficient "minimum contacts" with this state to be subject to the jurisdiction of our courts because respondent is the wholly-owned subsidiary of a Washington corporation. He argues that there is a mutuality of corporate officers between the two corporations inasmuch as the president of the parent corporation is a member of the board of directors of the respondent corporation, and therefore the respondent subsidiary may not be viewed as being independent of its parent.

We are unable to accept appellant's contention. We agree with respondent that ownership of a subsidiary by a parent, with nothing more, is not sufficient to constitute "doing business" for jurisdictional purposes. *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 69 L. Ed. 634, 45 S. Ct. 250 (1925); *State v. Northwest Magnesite Co.*, 28 Wn.2d 1, 182 P.2d 643 (1947). Although in the case at bar the parent and subsidiary corporations share a common director, there is no showing in the record that the officers of the subsidiary do not act independently of the parent corporation or that the subsidiary is otherwise a "mere instrumentality" of the parent. *See Steven v. Roscoe Turner Aero. Corp.*, 324 F.2d 157 (7th Cir. 1963). Moreover, there is no evidence of fraud

769

or lack of good faith caused by the claimed mutuality of officers or other aspects of the parent-subsidiary relationship which would allow this state's courts, consistent with the traditional notions of fair play and substantial justice, to assume jurisdiction over the respondent subsidiary. *See Steven v. Roscoe Turner Aero. Corp., supra; State v. Northwest Magnesite Co., supra; Associated Oil Co. v. Seiberling Rubber Co.,* 172 Wash. 204, 19 P.2d 940 (1933).

For the reasons indicated, we hold that the trial court correctly dismissed appellant's lawsuit against respondent for want of jurisdiction.

In view of the conclusion we have reached on the jurisdictional issue, we need not decide whether service of process upon the vice-president of the parent corporation met the requirements of RCW 4.28.080 (10).

The judgment of dismissal is affirmed.

FARRIS and JAMES, JJ., concur.