[No. 42417.   En Banc.   December 5, 1974.]

THE STATE OF WASHINGTON *et al.*, *Appellants*, v. JOHN J. O'CONNELL *et al.*, *Respondents*.

*Helsell, Paul, Fetterman, Todd & Hokanson,* by *William A. Helsell,* for appellants.

*Paul R. Cressman, William L. Hintze,* and *John O. Burgess* (of *Short, Cressman & Cable*), for respondents.

ROSELLINI, J.—This matter is before the court on a motion of the respondents Aliotos (who will be referred to herein as the Aliotos) for an award of attorney fees on appeal. They ask the court to make the award under RCW 4.28.185 (5), the "long-arm" statute. That act provides:

> (5) In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

The Aliotos were personally served in California with summons and complaint in an action brought by the State of Washington and a number of municipal corporations to forfeit attorney fees, which attorney Alioto had received in antitrust suits which he had conducted for the appellants. The appellants relied upon several theories to support their claim that the legal fees should be forfeited. The Aliotos filed a cross claim based on quantum meruit. A verdict was returned in favor of the Aliotos, who then moved the trial court to award them attorney fees in accordance with the authorization of RCW 4.28.185 (5).

The court denied this request, giving as its reasons, among others, that the complaint was not entirely frivolous and that Washington was the most appropriate place to try the case. It also noted that there had been no showing that the Aliotos had incurred additional expenses by reason of having to defend the action in Washington.

The plaintiffs appealed, and the respondents cross-appealed from an order of the trial court dismissing the cross

complaint and the order denying attorney fees. This court was asked to consider the cross-appeal from the order dismissing the cross complaint, only in the event it ordered a new trial.

In a 6 to 3 decision, this court affirmed the judgment entered on the verdict. *State v. O'Connell*, 83 Wn.2d 797, 523 P.2d 872 (1974). We were unanimous, however, in the opinion that the judgment should be affirmed as to the Aliotos, the dissent stating that the evidence showed that attorney Alioto had acted properly in both a legal and an ethical sense and, further, that the instructions concerning his liability were correct and proper. We refused to set aside the trial court's order denying the motion for attorney fees, finding that there had been no clear showing of abuse of discretion. We said, however, that upon proper application, we would consider the question whether attorney fees should be allowed in this court.

Such an application is now before us. The Aliotos assert that the amount which they were required to pay their attorneys for representing them on the appeal was reasonable and request that the appellants be required to reimburse them in this amount. The appellants do not question the reasonableness of the fees charged. They do, however, insist that this court does not have discretion, under the statute, to make an award of attorney fees on appeal. They insist that such discretion is vested solely in the superior court. Their argument is based upon cases which were decided under the mechanics' lien statute, RCW 60.04.130, wherein this court construed that act to vest jurisdiction in the trial court to determine the question whether an attorney fee should be allowed on appeal. While not departing from our previous holding that the superior court has such jurisdiction, we said in the recent case of *Rosellini v. Banchero*, 83 Wn.2d 268, 517 P.2d 955 (1974), that this court itself has inherent power to determine whether attorney fees should be awarded on appeal, where they are authorized by statute.

■ RCW 4.28.185(5) provides that the attorney fees may be taxed and allowed as part of the costs of defending the action. The appellants do not suggest that it authorizes attorney fees only at the trial level. This court taxes and allows costs on appeal. ROA I-55. We think the logical interpretation of this provision is that it authorizes the award of attorney fees by the Supreme Court where a defendant who was served under the long-arm statute prevails on the appeal. If a question arises as to the reasonableness of the fees claimed, the matter can be remanded for an evidentiary hearing.

■ It is contended by the appellants that the respondents Aliotos did not prevail on the appeal within the meaning of the statute because their cross-appeal directed to the denial of their motion for attorney fees was denied. We do not find this argument persuasive. The statute provides for the award of attorney fees to a defendant who prevails "in the action." Undoubtedly the reference is to the action on the merits. The motion for attorney fees is entertained only after the defendant has prevailed in the action. His status as prevailing party is not affected by the ruling on the motion for attorney fees.

The constitutionality of the provision authorizing an award of attorney fees to a prevailing defendant was upheld in the Court of Appeals, Division One, Panel 1, in *Mahnkey v. King*, 5 Wn. App. 555, 489 P.2d 361, 51 A.L.R.3d 1331 (1971). This court has not been asked to pass upon the constitutionality of the provision. According to an annotation appearing at 51 A.L.R.3d 1336, a number of states have passed similar acts but only the *Mahnkey* case has dealt with the constitutionality of the provision permitting attorney fees to be awarded.

■ The Court of Appeals in *Mahnkey v. King, supra,* voiced the opinion that the attorney fee provision was intended to bring the statute within the traditional notions of fair play and substanial justice referred to in *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L. Ed. 95, 66 S.

Ct. 154, 161 A.L.R. 1057 (1945). The court noted that the difference in burdens placed upon the parties, particularly the added expense of cross-country travel and bringing expert witnesses from out of state, might be the basis of the distinctive treatment respecting the allowance of attorney fees as part of the costs.

· This would appear to be a reasonable interpretation of the legislative intent.

In exercising our discretion, therefore, to grant or deny attorney fees, we think the first question before the court must be: Is the action frivolous and brought only to harass the defendant? If that question is answered in the negative, the test should then be: Has the defendant, in being forced to defend the action in this state, been subjected to burdens and inconveniences which would have been avoided had the trial been conducted at the place of his domicile, which are not balanced by conveniences to the defendant resulting from the trial of the action in this state, and which are of sufficient severity to warrant the court in concluding that, without the award of attorney fees, traditional notions of fair play and substantial justice would be violated?

With this standard in mind we turn to the circumstances of the present case. Respondents point out that the court was unanimous in its finding that the appeal was without merit with regard to their liability. They do not suggest, however, that the appeal was entirely frivolous. Considering the fervor with which it was prosecuted, we cannot assume that the appellants were less than genuinely convinced that their cause had merit, even though they may have been mistaken in their understanding of the law applicable to the facts, as those facts were found by the jury.

There can be no question but that the Aliotos have been subjected to a lengthy and expensive litigation; but there is nothing to indicate that these factors were affected by the location of the forum. Had the trial been conducted in the Aliotos' domicile, the expense may well have been greater, since most of the witnesses resided in Washington and the

evidence was located here. There is actually no serious contention that the defense of the suit was more expensive in the state of Washington than it would have been in California.

The Aliotos draw our attention to the fact that the brief of the appellant on appeal was organized in such a manner that questions which were being raised with respect to the Aliotos could not be clearly segregated from those which pertained only to the remaining respondents. As a result, the Aliotos felt compelled to respond to all of the contentions raised by the appellants, many of them for the first time on appeal. However, there is nothing to indicate that had the appeal been pursued in California, the brief of the appellants would have been composed with greater clarity or brevity.

This is not a case where the defendant has had only minimum contacts with the state in which he is asked to defend an action. Attorney Alioto represented municipal corporations located in various areas in the state of Washington in lawsuits which themselves were extremely complicated and which required the gathering of a very large amount of evidence, all within the state of Washington. Since the suits were conducted in federal court, he was not required to gain admission to the local bar. The fact remains, however, that he did represent many clients within the state of Washington. It is not unreasonable, therefore, to permit those clients, if they felt that they had a grievance against him in the conduct of the litigation, to pursue their remedy within the borders of the state.

Giving consideration to all these aspects of this suit, which, as the Aliotos observe, is almost unique on its facts, we cannot find that they have been so burdened and inconvenienced by having to defend the action within this state that an award of attorney fees is necessary in order to

comply with traditional notions of fair play and substantial justice.

For these reasons, the motion will be denied.

FINLEY, HUNTER, HAMILTON, WRIGHT, and BRACHTENBACH, JJ., and EVANS, J. Pro Tem., concur.