[No. 7867–1–III. Division Three. June 23, 1987.]

LOIS I. OSBORNE, *Individually and as Guardian, Plaintiff,*
v. THE CITY OF SPOKANE, ET AL, *Defendants,*
AETNA CASUALTY COMPANY OF CANADA,
*Appellant,* TOMENSON, INC.,
*Respondent.*

*Jerry B. Edmonds, Mark S. Davidson, Frankie A. Crain,* and *Williams, Kastner & Gibbs,* for appellant.

*Paul L. Ahern, Jr., J. Tayloe Washburn,* and *Roberts & Shefelman,* for respondent.

GREEN, J.—Aetna Casualty Company of Canada appeals the dismissal of Tomenson, Inc., a Canadian insurance brokerage firm, for lack of jurisdiction. We affirm.

The facts are not disputed. In October 1983 the Os–bornes, who were residents of Spokane, obtained a $3.5 million judgment in a products liability action against Canadian Cycle & Motor Co., Ltd. (CCM). This judgment was for injuries sustained by Russell Osborne while playing hockey and wearing a CCM helmet. CCM's primary insurer, Northumberland General Insurance Co., a Canadian corporation, retained an attorney for CCM's defense in that action. Thereafter, the Osbornes sought to collect their judgment by garnishing Northumberland, the primary insurer, and Aetna, the excess insurer, both of whom had policy limits of $2 million. Aetna answered denying coverage on several bases including lack of notice of the Osborne claim and the lawsuit prior to the jury verdict. Aetna also filed a third party complaint naming Northumberland and others as defendants alleging lack of notice of the Osborne claim, bad faith, and other grounds. Tomenson, Inc., CCM's

insurance broker, was later added as a third party defendant because it allegedly knew of the Osborne claim as early as November 1981, but failed to notify Aetna. The court dismissed Tomenson for lack of jurisdiction. Subsequently, all of the other third party defendants, except Northumberland, were dismissed. Judgment was entered in favor of Aetna against Northumberland for $1,796,268.05.

The primary issue presented by Aetna's appeal is whether the court erred by dismissing Tomenson for lack of jurisdiction. Aetna claims there are several bases for jurisdiction. First, the court had jurisdiction over Tomenson under RCW 4.28.080(10) and *Crose v. Volkswagenwerk Aktiengesellschaft,* 88 Wn.2d 50, 558 P.2d 764 (1977), because Tomenson had substantial and continuous business contacts in this state. We disagree.

RCW 4.28.080, pertaining to service of process, provides: "The summons shall be served by delivering a copy thereof, as follows: . . . (10) If the suit be against a foreign corporation . . . doing business within this state, to any agent, cashier or secretary thereof." Although this section only prescribes a method of service, the court in *Crose v. Volkswagenwerk Aktiengesellschaft, supra* at 54, construed this section to concern jurisdiction and stated this section requires a nonresident defendant to transact a substantial part of its business in Washington as opposed to merely a casual or occasional transaction. The court went on to observe that the following factors should be considered in determining whether a foreign corporation should be subjected to personal jurisdiction in this state, fairness to the parties being paramount: (1) the interest of the state in providing a forum for its residents; (2) the ease with which the one asserting jurisdiction could gain access to another forum; (3) the amount, kind, and continuity of activities carried on by the foreign corporation in the state of Washington; (4) the significance of the economic benefits accruing to the foreign corporation as a result of activities purposely conducted in the state of Washington; and (5) the foreseeability of injury resulting from the use of the

foreign corporation's product. *Crose v. Volkswagenwerk Aktiengesellschaft, supra* at 57.

Applying these five factors here: (1) Washington's interest in this case is minimal, if not nonexistent, as all the Washington parties are out of the case and the only remaining claim is between two Canadian companies. (2) There is no reason given as to why Aetna should and could not pursue its claim in a Canadian court.

■ With respect to factor (3), Tomenson's contacts and activities in Washington are collateral and very minimal: Its accounts with Washington–based clients relate to log towing operations covering risks of transporting "to and from" Canada and marine insurance risks which account for less than 1 percent of Tomenson's western region revenues. Although Aetna claims that by virtue of Tomenson being a subsidiary of a Washington corporation it is doing business here, we do not find those contacts sufficient. In May 1985, long after the underlying cause of action was filed and tried, Tomenson was acquired by Fred S. James, a Washington corporation. A foreign corporation is not "doing business" in this state for purposes of jurisdiction merely because it is a wholly owned subsidiary of a domestic corporation. *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 69 L. Ed. 634, 45 S. Ct. 250 (1925); *State v. Northwest Magnesite Co.*, 28 Wn.2d 1, 182 P.2d 643 (1947); *Williams v. Canadian Fishing Co.*, 8 Wn. App. 765, 768, 509 P.2d 64 (1973). The record shows the officers of Tomenson act independently of those of Fred S. James. While Aetna alleges that Tomenson directly or indirectly secures insurance for risks located in Washington, the record fails to reveal any specific incidents. Tomenson does obtain export bonds but those bonds only relate to Canadian clients and customs duties for transporting their products into the United States. Thus, Tomenson's contacts with this state are limited and collateral to its Canadian brokerage business. Further, Tomenson is not incorporated in Washington, nor is it registered as a foreign corporation. It has no offices in Washington and does not own any real

property in Washington. Its employees do not solicit clients in Washington. In response to Aetna's interrogatories, Tomenson stated in the course of brokering insurance for some of its worldwide clients, it is possible the insurer ultimately obtained for the client might have undertaken risks for incidents occurring in Washington. We find such contact too remote to be considered.

As to factor (4), the Tomenson's economic benefit accruing from its activities in this state are thus de minimis. And as to (5), *i.e.,* the foreseeability of injury resulting from the use of the foreign corporation's product, *Crose v. Volkswagenwerk Aktiengesellschaft, supra,* is not analogous because Tomenson's brokerage services are not a product. Consequently, on the record presented, and in light of the five factors discussed above, the trial court was correct in concluding Tomenson's business activities in this state were not substantial and Tomenson is not subject to personal jurisdiction by virtue of RCW 4.28.080(10) and *Crose v. Volkswagenwerk Aktiengesellschaft, supra.*

Second, Aetna argues the court had jurisdiction over Tomenson pursuant to RCW 4.28.185(1)(a) and (d), the long–arm statute. We disagree. RCW 4.28.185 provides:

(1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
(a) The transaction of any business within this state;
. . .
(d) Contracting to insure any person, property or risk located within this state at the time of contracting;

With respect to the applicability of subsection (1)(a) relating to the transaction of business in this state, *Tyee Constr. Co. v. Dulien Steel Prods., Inc.,* 62 Wn.2d 106, 381 P.2d 245 (1963) is the leading case. In *Tyee,* the court set forth three basic criteria necessary for assumption of jurisdiction:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

(Footnotes omitted.) *Tyee,* at 115–16; *see also Lewis v. Curry College,* 89 Wn.2d 565, 568, 573 P.2d 1312 (1978); *In re Miller,* 86 Wn.2d 712, 719, 548 P.2d 542 (1976).

Here, the first and second criteria in the 3–element *Tyee* test have not been satisfied. No part of Tomenson's services for CCM were performed in Washington. In fact, Tomenson had nothing to do with the CCM–Aetna insurance transaction; it had no involvement with Aetna's excess liability policy issued to CCM until almost a year *after* the Osborne injury occurred in Spokane. Aetna does not present any evidence its cause of action arose from any transaction by Tomenson in Washington as required by the first and second criteria of *Tyee.* Additionally, Tomenson did not injure any person or property in this state nor did it cause any economic loss here. Even if there were economic loss, such loss by itself would have been insufficient to establish jurisdiction. *R.W. Sawant & Co. v. Allied Programs Corp.,* ___ Ill. 2d ___, 489 N.E.2d 1360, 1364 (1986). Here, injury in the form of economic loss if proved to be recoverable would have been sustained by Aetna in Canada not in Washington. Consequently, jurisdiction based on RCW 4.28.185-(1)(a) has not been established. Thus, we need not decide whether the third criterion of *Tyee* has been satisfied.

Aetna also contends this state had jurisdiction over Tomenson pursuant to RCW 4.28.185(1)(d) which provides

jurisdiction over a foreign corporation if it contracts "to insure any person, property or risk located within this state at the time of contracting". We do not find this provision pertinent here.

 Insurance brokers are not insurers, rather they procure insurance for their customers. *Griffiths & Sprague Stevedoring Co. v. Bayly, Martin & Fay, Inc.*, 71 Wn.2d 679, 680, 430 P.2d 600 (1967). RCW 48.17.260(1) provides: "A broker . . . is not an agent or other representative of an insurer, and does not have power, by his own acts, to bind the insurer upon any risk or with reference to any insurance contract." Tomenson, as a broker, by definition cannot contract to insure, and Tomenson had not insured CCM or anyone else in Washington. Thus, this section of the long-arm statute is inapplicable.

Tomenson cross-appeals contending the court erred in failing to award attorney fees to it pursuant to RCW 4.28-.185(5). There was no error.

 RCW 4.28.185(5) provides:

In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

The award of attorney fees pursuant to this statute is discretionary and the trial court's decision will not be set aside absent a clear showing of abuse. *Chemical Bank v. WPPSS*, 104 Wn.2d 98, 101–02, 702 P.2d 128 (1985). The test used to determine whether attorney fees should be awarded under RCW 4.28.185(5) is as follows:

Is the action frivolous and brought only to harass the defendant? If that question is answered in the negative, the test should then be: Has the defendant, in being forced to defend the action in this state, been subjected to burdens and inconveniences which would have been avoided had the trial been conducted at the place of his domicile, which are not balanced by conveniences to the defendant resulting from the trial of

the action in this state, and which are of sufficient severity to warrant the court in concluding- that, without the award of attorney fees, traditional notions of fair play and substantial justice would be violated?

*Chemical Bank,* at 101–02 (quoting *State v. O'Connell,* 84 Wn.2d 602, 606, 528 P.2d 988 (1974)). *O'Connell,* at 605, also noted: "The statute provides for the award of attorney fees to a defendant who prevails 'in the action.' Undoubtedly the reference is to the *action on the merits.*" (Italics ours.)

Applying this test to the facts here: (1) It is conceded this action was not frivolous. (2) Tomenson did have to hire independent counsel in the United States. (3) Since there has been no trial, it is difficult to balance the conveniences versus the inconveniences to Tomenson in having the action brought in Washington. Nevertheless, the merits of the dispute between Aetna and Tomenson have not been reached. This was a pretrial motion for dismissal for lack of personal jurisdiction. The court did not abuse its discretion in denying Tomenson's request for attorney fees. Tomenson's request for attorney fees on appeal is also denied.

Affirmed.

MUNSON and SWANSON, JJ., concur.