968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CONFECCOES TEXTEIS DE VOUZELA, LDA.;
Montezela-Metalomecanica e Fundicao, Lda.,
Plaintiffs-Appellants,
v.
SPACE TECH SYSTEMS INC., Defendant,
and
Riggs National Bank of Washington, D.C., Defendant-Appellee.
 No. 91-35048.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 13, 1992.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-89-375-Z; Thomas S. Zilly, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before: ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Confeccoes Texteis de Vouzela, Lda. and Montezela-Metalomecanica e Fundicao, Lda. ("CTV") appeal the district court's October 3, 1990 order awarding Riggs National Bank attorney's fees in the amount of $18,812 and the court's November 9, 1990 order denying CTV's motion for reconsideration of the award. We review both the district court's award of attorney's fees and the denial of the motion for reconsideration for abuse of discretion. See Lange v. Penn Mut. Life Ins. Co., 843 F.2d 1175, 1184 (9th Cir.1988) (award of attorney's fees); Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir.1987) (motion for reconsideration). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * The district court awarded Riggs attorney's fees under RCW 4.28.185(5), which "authorizes an award of reasonable attorney fees to a defendant who, having been hailed into a Washington court under the long-arm statute, 'prevails in the action'." Scott Fetzer Co. v. Weeks, 786 P.2d 265, 267 (Wash.1990). CTV proffers several arguments as to why the district court's award constituted an abuse of discretion. These arguments lack merit.
 
 
 4
 CTV first contends that the action was filed in good faith and thus that an award of attorney's fees is precluded under a "special circumstances" doctrine. We reject this argument because, under Washington law, regardless of whether the action was filed in good faith, the burdens and inconveniences placed on a defendant over whom long-arm jurisdiction was improperly asserted are sufficient to justify an award of attorney's fees. See id. at 268.
 
 
 5
 CTV next argues that Riggs was not actually subjected to burdens and inconveniences of sufficient severity to justify the attorney's fees award. The Washington Supreme Court has held that:
 
 
 6
 As a direct result of the plaintiff's resort to the long-arm statute, however, the defendant suddenly finds himself in need of Washington counsel and responsible for abiding Washington laws and court rules--"burdens and inconveniences which would have been avoided had the trial been conducted at the place of his domicile". This defendant thus presents the paradigm case for an award of fees under RCW 4.28.185(5).
 
 
 7
 Id. (quoting State v. O'Connell, 528 P.2d 988, 991 (Wash.1974)). The burdens and inconveniences enunciated in Scott Fetzer Co. are also present in this case, and thus the decision to award attorney's fees cannot be deemed an abuse of discretion.
 
 
 8
 CTV next argues that the amount of fees awarded by the district court was unreasonable and excessive. "Fees awards to defendants who prevail jurisdictionally ... should reflect only that amount of lawyering that reasonably should have been necessary to prevail on the jurisdictional defense." Id. at 273. Compensation for additional legal efforts may be appropriate in a given case, depending on the specific circumstances of that particular case. See id. at 273 n. 7.
 
 
 9
 The district court in this case properly followed the rule of Scott Fetzer Co. In its minute order, the court stated that it reviewed the amount of fees requested by Riggs in the Ehrlichman affidavit, limited the actual award "to the fees necessarily caused by the exercise of long-arm jurisdiction," and then awarded $18,812 in fees. After reviewing the record, we conclude that the district court did not abuse its discretion when determining the actual amount of fees to be awarded to Riggs.
 
 
 10
 In a related argument, CTV contends that the district court's findings as to the proper amount of the award were inadequate under United Steelworkers v. Phelps Dodge Corp., 896 F.2d 403, 406 (9th Cir.1990); Kim v. Fujikawa, 871 F.2d 1427, 1435 (9th Cir.1989); and Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-13 (9th Cir.1986), amended on other grounds, 808 F.2d 1373 (9th Cir.1987). These cases, all of which involve the recovery of attorney's fees under federal statutes, hold that the district court must articulate with specificity "the manner in which it makes its determination of a reasonable hourly rate and the number of hours which should reasonably be compensated." Kim, 871 F.2d at 1435 (quoting Chalmers, 796 F.2d at 1210-11). We conclude, however, that the district court's lack of specificity does not warrant reversal.
 
 
 11
 "In a diversity case, the availability of attorneys' fees is governed by state law." Kern Oil & Ref. Co. v. Tenneco Oil Co., 792 F.2d 1380, 1388 (9th Cir.1986), cert. denied, 480 U.S. 906 (1987). Furthermore, state law applies when evaluating the adequacy of the district court's findings pertaining to the calculation of the fee award. See id. at 1388-89; Hancock Labs., Inc. v. Admiral Ins. Co., 777 F.2d 520, 526 & n. 12 (9th Cir.1985).
 
 
 12
 Washington law, which provides broad discretion to the trial court, calls for a lodestar method to be used when calculating fees under RCW 4.28.184(5). See Scott Fetzer Co., 786 P.2d at 273. The Washington Supreme Court in Scott Fetzer Co., however, did not impose on trial courts a requirement that the lodestar figures and the relevant factors be articulated in specific findings analogous to those required by United Steelworkers, Chalmers, and Kim. See 786 P.2d at 273-74. Accordingly, we decline to superimpose on Washington law a requirement of the type advocated by CTV.
 
 
 13
 Finally, CTV argues that RCW 4.28.185(5) is unconstitutional. CTV, however, has raised this argument for the first time on appeal. "Our general rule is that we will not consider issues raised for the first time on appeal." United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). We have recognized a narrow exception to this rule when "there are 'exceptional circumstances' why the issue was not raised in the trial court." Id. Because CTV has failed to show any exceptional circumstances why the issue was not raised in the district court, we decline to consider this argument on appeal.
 
 II
 
 14
 The district court denied CTV's motion for reconsideration without any explanation. That motion, however, was based on arguments which we have found to lack merit. See supra Part I. Accordingly, the denial of the motion did not constitute an abuse of discretion.
 
 III
 
 15
 Riggs requests that we exercise our discretion to award it attorney's fees on appeal and to impose Rule 11 sanctions against CTV. We decline to do so.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition in not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3