# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

MATTHEW DAVID FERGUSON,

                Respondent,

    v.

SILVERBOW HONEY COMPANY,
INC., a Washington corporation; DAVID
SACKLER; DOUG SCOTT,

                Defendants,

JAY WRIGHT,

                Appellant.

DIVISION ONE

No. 80108-2-I

UNPUBLISHED OPINION

FILED: December 30, 2019

DWYER, J. — After successfully defending against claims brought against him by Matthew Ferguson for wrongful discharge and withholding of wages, Jay Wright, a resident of Maryland, sought and was denied an award of attorney fees under the long-arm statute, RCW 4.28.185(5),[1] and under Civil Rule 11.[2] Wright now appeals, asserting that the trial court abused its discretion when it declined

---

[1] RCW 4.28.185(5) states:
In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

[2] Under this rule, attorneys are required to sign "[e]very pleading, motion, and legal memorandum" as a certification that the filing "is well grounded in fact; . . . is warranted by existing law or a good faith argument for the extension . . . of existing law[;] . . . [and] is not interposed for any improper purpose." CR 11(a). CR 11(a)(4) further states that
[i]f a pleading, motion, or legal memorandum is signed in violation of this rule, the court . . . may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party . . . a reasonable attorney fee.

to award him fees. Because Wright does not establish that the trial court abused its discretion, we affirm.

I

Matthew Ferguson worked as the chief operating officer and president of Silverbow Honey Company, Inc. (Silverbow).[3] He was hired by and worked under David Sackler and Jay Wright, who were the owners and directors of Silverbow.

In January 2016, Ferguson received a letter notifying him that the company had accepted his resignation. However, Ferguson had never submitted a resignation letter or given any notice that he wished to resign.

Ferguson subsequently filed suit in Pierce County against Silverbow, Sackler, Wright, and Silverbow's chief financial officer, Doug Scott, bringing claims for wrongful discharge in violation of public policy and wrongful withholding of wages.[4]

Wright filed numerous motions seeking dismissal of Ferguson's claims against him, including a CR 12(b)(6) motion to dismiss, which was denied, a motion for summary judgment, which was also denied, and a motion for reconsideration of the denial of his motion for summary judgment, which, again, was denied. He also filed an unsuccessful petition for discretionary review of the denial of his motion for summary judgment.

---

[3] Silverbow's main production plant was located in Moses Lake.
[4] However, by the time of trial, the only defendant remaining in the case appears to have been Wright. The parties assert that this is so because Silverbow and Sackler filed for bankruptcy and Ferguson voluntarily dismissed his claims against Scott.

2

Following discovery, Ferguson amended his complaint to voluntarily dismiss his claim against Wright for wrongful discharge in violation of public policy and the matter proceeded to trial on the wage withholding claim. At the conclusion of trial, the jury returned a special verdict in favor of Wright.

Thereafter, Wright sought an award of attorney fees under Washington's long arm-statute, RCW 4.28.185(5) and CR 11. The trial court denied Wright's request.

Wright appealed to Division Two, which transferred the matter to us for resolution.

II

Wright contends that the trial court abused its discretion when it denied his request for fees under RCW 4.28.185(5) and CR 11. However, because Wright did not assign error to any of the trial court's factual findings, and the trial court properly applied the law to its unchallenged findings, we affirm.

A

"Whether there is a legal basis for awarding attorney fees is reviewed de novo, but a discretionary decision to award fees and expenses, and the reasonableness of such an award, is reviewed for an abuse of discretion." Pub. Util. Dist. No. 2 of Pac. County v. Comcast of Wash. IV, Inc., 8 Wn. App. 2d 418, 458, 438 P.3d 1212 (citing Gander v. Yeager, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012)), review denied, 193 Wn.2d 1031 (2019). "Washington follows the American rule 'that attorney fees are not recoverable by the prevailing party as costs of litigation unless the recovery of such fees is permitted by contract,

3

statute, or some recognized ground in equity.'" Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co., 144 Wn.2d 130, 143, 26 P.3d 910 (2001) (quoting McGreevy v. Or. Mut. Ins. Co., 128 Wn.2d 26, 35 n.8, 904 P.2d 731 (1995)).

"[A]n award of attorney fees that is authorized by statute is left to the trial court's discretion." Fluke Capital & Mgmt. Servs. Co. v. Richmond, 106 Wn.2d 614, 625, 724 P.2d 356 (1986). Similarly, we review a trial court's order awarding or denying fees under CR 11 for an abuse of discretion. Biggs v. Vail, 124 Wn.2d 193, 197, 876 P.2d 448 (1994).

"The trial court abuses its discretion when its exercise of discretion is manifestly unreasonable or based on untenable grounds or reasons." Workman v. Klinkenberg, 6 Wn. App. 2d 291, 298, 430 P.3d 716 (2018) (citing King County v. Vinci Constr. Grands Projets/Parsons RCI/Frontier-Kemper, JV, 188 Wn.2d 618, 632, 398 P.3d 1093 (2017)). A decision is based on untenable grounds if it rests on factual findings not supported by the record and is based on untenable reasons if it is reached through application of an incorrect legal standard. BNSF Ry. Co. v. Clark, 192 Wn.2d 832, 846, 434 P.3d 50 (2019) (citing Skagit County Pub. Hosp. Dist. No. 304 v. Skagit County Pub. Hosp. Dist. No. 1, 177 Wn.2d 718, 730, 305 P.3d 1079 (2013)).

Herein, Wright has not assigned error to any finding of fact, so the trial court's findings are considered verities on appeal. Rivers v. Wash. State Conf. of Mason Contractors, 145 Wn.2d 674, 692, 41 P.3d 1175 (2002) (citing Nearing v. Golden State Foods Corp., 114 Wn.2d 817, 818, 792 P.2d 500 (1990)).

4

B

Wright first contends that the trial court abused its discretion when it denied him an award of attorney fees under RCW 4.28.185(5). We disagree.

"RCW 4.28.185(5) authorizes an award of reasonable attorney fees to a defendant who, having been hailed into a Washington court under the long-arm statute, 'prevails in the action.'" Scott Fetzer Co., Kirby Co. Div. v. Weeks, 114 Wn.2d 109, 112, 786 P.2d 265 (1990) (quoting RCW 4.28.185(5)). The statute authorizes an award of "a reasonable amount to be fixed by the court as attorneys' fees." RCW 4.28.185(5). Because the statute is intended "to compensate defendants for the added expense caused them by plaintiffs' assertions of long-arm jurisdiction," a reasonable award is limited to those fee expenses that a defendant incurred as a result of a plaintiff's use of the long-arm statute. Scott Fetzer Co., 114 Wn.2d at 122. In other words, a defendant can obtain attorney fees resulting only from the "'burdens and inconveniences which would have been avoided had the trial been conducted at the place of his domicile.'" Scott Fetzer Co., 114 Wn.2d at 114 (quoting State v. O'Connell, 84 Wn.2d 602, 606, 528 P.2d 988 (1974)).

Herein, Wright contends that he is entitled to an award of fees because Ferguson filed suit against Wright in Washington rather than in Maryland. But the trial court found that Wright presented "no factual evidence to support the position that a Washington lawsuit was more costly for [Wright] than a Maryland lawsuit might have been." Wright does not assign error to this factual finding and

5

so we consider it a verity on appeal.[5]  See Rivers, 145 Wn.2d at 692.  Therefore, because Wright did not establish that his legal expenses were at all increased as a result of Ferguson's use of the long-arm statute, Wright did not establish an entitlement to an award of attorney fees under RCW 4.28.185(5).  See Scott Fetzer Co., 114 Wn.2d at 122.  The trial court did not abuse its discretion when it declined to award attorney fees under RCW 4.28.185(5).

C

Wright next contends that the trial court abused its discretion when it denied him an award of attorney fees under CR 11.  This is so, Wright asserts, because Ferguson pursued claims against Wright that had no factual basis and were therefore frivolous, meriting sanctions.  Again, we disagree.

CR 11 requires attorneys to sign "[e]very pleading, motion, and legal memorandum" as a certification that the filing "is well grounded in fact; . . . is warranted by existing law or a good faith argument for the extension . . . of existing law[;] . . . [and] is not interposed for any improper purpose."  CR 11(a).  CR 11(a)(4) further states that

> [i]f a pleading, motion, or legal memorandum is signed in violation of this rule, the court . . . may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party . . . a reasonable attorney fee.

"The purpose behind CR 11 is to deter *baseless* filings and to curb abuses of the judicial system," not to deter filings which may have merit.  Bryant v.

---

[5] Because Wright declined to assign error to the trial court's finding that no evidence established Wright incurred additional legal expenses by being hailed into court in Washington, we need not address his myriad arguments regarding that which comprised his additional expenses.

6

Joseph Tree, Inc., 119 Wn.2d 210, 219, 829 P.2d 1099 (1992). "The fact that a complaint does not prevail on its merits is by no means dispositive of the question of CR 11 sanctions. CR 11 is not a mechanism for providing attorney's fees to a prevailing party where such fees would otherwise be unavailable." Bryant, 119 Wn.2d at 220.

In his briefing, Wright asserts that Ferguson conceded that no evidence supported his claims against Wright and also appears to assert that the trial court found that no evidence supported Ferguson's claims against Wright. In support of these assertions, Wright cites to a portion of the report of proceedings from a hearing on what appears to be Wright's motion for summary judgment. Therein, Ferguson's counsel informed the trial court that she did not expect to ever hear testimony from Sackler or Wright admitting Wright's liability to Ferguson. Not only is this plainly not a finding—being, rather, a statement by Ferguson's counsel—it is also plainly not a concession that Ferguson's claims are meritless but, rather, an acknowledgement that Wright and Sackler were unlikely to confess to any alleged wrongdoing.[6]

Furthermore, in its order denying an award of fees, the trial court, following full briefing on the facts from both parties, summarized its view of the evidence, noting that "there was ample meritorious factual evidence to allow [Ferguson's]

---

[6] Indeed, the trial court's subsequent denial of Wright's motion for summary judgment would have been most incongruous with a concession by Ferguson that his claims were meritless. While not certain proof of the merit of Ferguson's claims, the trial court's repeated refusals to dismiss Ferguson's claims prior to trial—and Division Two's refusal to grant discretionary review of those denials—indicate that there was sufficient merit to Ferguson's claims to justify proceeding to trial.

case to go to trial." Accordingly, Wright has failed to establish that the trial court abused its discretion when it denied him an award of attorney fees under CR 11.[7]

Affirmed.

Dwyer, J.

WE CONCUR:

Andrus, J.

___

[7] Both parties also request an award of attorney fees on appeal. Because Wright is not the prevailing party in this appeal we decline to award him fees on appeal. See In re Guardianship of Lamb, 173 Wn.2d 173, 198, 265 P.3d 876 (2011) (denying request for fees by nonprevailing party). Ferguson requests an award of attorney fees under RAP 18.9(a), which authorizes the award of attorney fees as a sanction for filing a frivolous appeal. Ferguson asserts that Wright's appeal was frivolous because he did not assign error to any of the trial court's findings. But "[a]n appeal is frivolous if 'no debatable issues are presented upon which reasonable minds might differ, i.e., it is [so] devoid of merit that no reasonable possibility of reversal exists.'" Hartford Ins. Co. v. Ohio Cas. Ins. Co., 145 Wn. App. 765, 780, 189 P.3d 195 (2008) (internal quotation marks omitted) (quoting Olson v. City of Bellevue, 93 Wn. App. 154, 165, 968 P.2d 894 (1998)). Herein, Wright's decision to not assign error to any of the trial court's factual findings does not make his appeal frivolous, and we decline to award fees.